UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JACKIE LEE-PECKHAM<br><br>Plaintiff,<br><br>v.<br><br>RUNA, LLC, TYLER GAGE, DAN MACCOMBIE, SARA PERKINS, AND JOHN DOES 1-5,<br><br>Defendants. | Civil Action No.: 14-6635 (JLL)<br><br>OPINION |

**LINARES,** District Judge.

This matter comes before the Court by way of Defendants Runa LLC ("Runa"), Tyler Gage, Dan MacCombie, and Sara Perkins ("Individual Defendants")(Collectively "Defendants")'motion to dismiss (ECF No. 4-7) Plaintiff Jackie-Lee Peckham ("Plaintiff")'s Complaint (ECF No. 1) pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). The Court has considered the parties' submissions in support of and in opposition to the instant motion and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court grants Defendants motion.

### I. BACKGROUND[1]

On September 18 Plaintiff filed a civil action against Defendants in the Superior Court of New Jersey, Essex Vicinage, Law Division. (*See* ECF No. 1 at 2). Defendants removed this case to this Court on October 24, 2014. (*See* ECF No. 1-2). Defendant Runa is a privately held beverage company that processes and sells guayusa to retailers in the form of energy drinks,

---

[1] The following facts are taken as true solely for the purposes of this motion.

bottled iced teas, tea boxes, and loose tea leaves. (Comp at ¶ 7). Runa is a Rhode Island LLC, authorized to do business in New York, where its principal place of business is located. (*Id.* at ¶ 2). Defendant Gage ("Gage") and Defendant MacCombie ("MacCombie") are the Co-Chief Executive Officers of Runa. (*Id.* at ¶¶ 3-4). Defendant Perkins is the Chief Financial Officer of Runa. (*Id.* at ¶ 5). Plaintiff was the former Executive Vice President of Operations at Runa. (*Id.* at ¶ 10).

In January 2014, Plaintiff reported activity seemingly in violation of the FDCA to Defendant. (*Id. at* ¶ 16). In the same month, Plaintiff also protested against alleged false financial reporting practices by Runa through the manipulation of "the cost of goods sold calculation." (*Id.* at ¶ 17). Plaintiff alleges that after expressing her disagreement with Runa's labeling and financial reporting practices, Plaintiff was unjustly terminated via an email dated June 3, 2014. (*Id.* at ¶ 18). On or about June 3, 2014, Defendants allegedly published communications to third parties concerning Plaintiff and Plaintiff's occupation, trade, and profession. (*Id.* at ¶ 19). These disclosures allegedly created the impression that Plaintiff had been terminated for a cause on an emergency basis that may have been prompted by a lack of personal integrity, by dishonest conduct, or both. (*Id.*).

In her Complaint, Plaintiff alleges the following cause of actions against Defendants: (1) Wrongful termination in Violation of Public Policy; (2) Defamation Per Se; (3) Breach of Express Employment Contract; (4) Breach of Implied Employment Contract; (5) Breach of Implied Covenant of Good Faith and Fair Dealing; (6) Fraud; (7) Malicious Misrepresentation-Deceit; (8) Intentional Infliction of Emotional Distress; (9) Negligent Infliction of Emotional Distress; and (10) Age Discrimination in Employment Act.

## II. LEGAL STANDARD

Federal Rules of Civil Procedure 12(b)(2) states that a defendant may move to dismiss a complaint for "lack of personal jurisdiction." Fed.R.Civ.P. 12(b)(2). Once a defendant has asserted a motion to dismiss, the plaintiff carries the burden of "establishing with reasonable particularity sufficient contacts between the defendant and the forum state." *Provident Nat'l. Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir.1987). The Third Circuit has held that "[w]hen a Defendant raises the defense of the court's lack of personal jurisdiction, the burden falls upon the plaintiff to come forward with sufficient facts to establish that jurisdiction is proper." *Mellon Bank (East) P.S.F.S., Nat'l Assn. v. Farino*, 960 F.2d 1217, 1223 (3d Cir.1992). In evaluating a movant's motion to dismiss pursuant to Federal Rule 12(b)(2), "courts must accept the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." *Machulsky v. Hall*, 210 F.Supp.2d 531, 531 (D.N.J.2002) (citing *Carteret Sav. Bank, F.A. v. Shushan*, 954 F.2d 141, 142 n. 1 (3d Cir.1992)).

A district court may exercise personal jurisdiction over a nonresident of the forum only to the extent authorized by the forum state's long-arm statute. *M. Eagles Tool Warehouse v. Fisher Tooling, 205 F.Supp.2d 306*, 311 (D.N.J.2002). New Jersey's long-arm statute permits the exercise of personal jurisdiction over a non-resident defendant to the extent of the Fourteenth Amendment of the United States Constitution. N.J. Sup.Ct. R. 4:4–4(c)(1). *See also Weber v. Jolly Hotels*, 977 F.Supp. 327, 334 (D.N.J.1997). The Fourteenth Amendment requires (1) that the "defendant ha[ve] constitutionally sufficient 'minimum contacts' with the forum," id. (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)), and (2) that "subjecting the defendant to the court's jurisdiction comports with

'traditional notions of fair play and substantial justice.' " *Id.* (*quoting* \*609 *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)).

A court may exercise either "general" or "specific" personal jurisdiction over a defendant. General jurisdiction is based upon the defendant's "continuous and systematic" contacts with the forum state. Eagles Tool Warehouse, 205 F.Supp.2d. at 312 n. 8 (*citing Remick v. Manfredy,* 238 F.3d 248, 255 (3d Cir.2001)). Specific jurisdiction arises only when the plaintiff's claim is related to, or arises out of, the defendant's contacts with the forum. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 416 (1984).

## II. DISCUSSION

### A. 12(b)(2)

The Individual Defendants move to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction. The Individual Defendants argue that Plaintiff cannot carry her burden of proving that there are sufficient contacts between each of the Individual Defendants and the State of New Jersey to support *in personam* jurisdiction. The Individual Defendants assert that Plaintiff's Complaint does not allege any facts to establish jurisdiction over the individual Defendants. Moreover, the Individual Defendants contend that specific jurisdiction does not exist either, because the Individual Defendants have not purposefully directed their actions at New Jersey nor do Plaintiff's claims arise out of or relate to any of the Individual Defendants' activities that were aimed at New Jersey.

The Court notes that each count of Plaintiff's Complaint contains the statement "Plaintiff restates each and every claim, assertion, and allegation set forth in the foregoing paragraphs as it fully set forth herein." Although there may be circumstances in which it is appropriate to

incorporate certain allegations by reference, there is no question that each count of a properly pled complaint *must* contain: (a) its own cause of action against a clearly identified defendant(s), and (b) those particular factual allegations that would allow the court to draw the reasonable inference that the defendant is liable for that cause of action. *See Iqbal*, 556 U.S. at 678. Plaintiff's Complaint, as currently drafted, fails to meet this requirement. *See, e.g., Anderson v. District Bd. of Trustees of Cent. Florida Cmty. College*, 77 F.3d 364, 366 (11th Cir. 1996) ("Anderson's complaint is a perfect example of 'shotgun' pleading in that it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief."). Therefore, the Court will grant Plaintiff an opportunity to amend this Complaint insofar as Plaintiff can meet its burden to plead facts which establish jurisdiction over each Defendant. Therefore, Plaintiffs' Complaint is dismissed without prejudice.

To the extent Plaintiff intends to re-plead these claims, Plaintiff is hereby advised that he must assert facts showing each defendant's actual personal involvement in each of the alleged wrongs. Stated differently, Plaintiff must present sufficient facts establishing *each* defendant's liability for *each* claim asserted. *See, e.g., See Smart v. Pa. Pub. Util. Comm'n*, No. 96-3586, 1996 WL 442618, at *4 (E.D. Pa. Aug. 2, 1996) (instructing *pro se* plaintiff that a complaint "should clearly identify each defendant, the conduct of each defendant allegedly harming him, and the relief he seeks, setting forth the facts relating to each defendant and to each claim"); *Schiano v. MBNA*, No. 05-1771, 2013 WL 2452681, at *7 (D.N.J. Feb. 11, 2013) (reiterating that Plaintiff must "make clear which claims were being asserted specifically against which defendants, and the specific factual basis for each claim against each defendant, as well as the specific relief being sought and the grounds for that relief"); *see generally Binsack v. Lackawanna Cnty. Prison*, 438 F. App'x 158, 160 (3d Cir. 2011) (holding that the district court

did not abuse its discretion in dismissing complaint for failure to "provide a short and plain statement of each claim against each defendant"). Defendants are free to reassert its remaining arguments in support of dismissal of the Complaint once Plaintiff has filed an Amended Complaint in accordance with the directives set forth above.

## IV. CONCLUSION

For the reasons herein expressed, Plaintiff's Complaint **dismissed without prejudice**. Plaintiffs may amend within 30 days. Defendant's motion to dismiss for lack of personal jurisdiction is granted.

An appropriate Order accompanies this Opinion.

DATE: January 12, 2015

Jose L. Linares
United States District Judge